UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Local 1982 International
Longshoremen's Association,   Case No. 3:17-cv-1688

        Plaintiff

    v.   MEMORANDUM OPINION
AND ORDER

Midwest Terminals of Toledo
International, Inc.,

        Defendant

## Introduction

This matter is before me on Plaintiff's motion for a temporary restraining order. While this case was initially assigned to the Honorable James G. Carr, upon finding it was related Case No. 3:12-cv-1384, he appropriately[1] reassigned the case to me. (Doc. No. 4).

The present dispute arises from the related case, in which I remanded an arbitration award to the arbitration panel for clarification. In this new filing, the Union seeks a TRO to (1) preclude Midwest from "nominating, appointing, lobbying, or voting for any individual to, now or in the future, serve on the Joint Grievance Committee with respect to the arbitration award issued on April 16, 2012 between the parties"; and (2) to "remove Fred Deichert from the joint Grievance Committee with respect to the grievance award." (Doc. No. 2).

---

[1] Local Rule 3.1(b)(3).

On August 14, 2017, I held a status conference, on the record, with counsel for the parties. I have reviewed the motion and have considered the arguments of counsel during the status conference in making my determination.

## DISCUSSION

Under Fed. R. Civ. P. 65(b), I examine and weigh the following factors to determine the propriety of a TRO: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). A trial court is vested with discretion in an application for a TRO. *First Technology Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 652 (6th Cir. 1993).

I find the Plaintiff has not shown a strong likelihood of success on the merits. The Plaintiff contends it can demonstrate Mr. Deichert's appointment violates the CBA's grievance and arbitration provision because he is conflicted from serving on the Joint Grievance Committee. The Plaintiff cites to violation of the Master Agreement on this issue.

In the Master Settlement Agreement, the operative language is contained in the Step 2 process as follows:

> In the event the grievance is not satisfactorily settled in Step 1, or in the event a party should file a grievance of general application relating to the interpretation or application of the Master Agreement, then the matter shall be referred in writing within ten days to a Joint Grievance Committee consisting of one (1) representative designated by the GLDC-ACD/ILA and one (1) representative designated by the Employer. . . .

(Doc. No. 1-1, p. 15). There is nothing in this language or elsewhere in the Agreement which provides any clarity or guidance as to the designation of a representative other than the stated designation by each respective group. Plaintiff argued that past practice history supports its position. In light, however, of the express language of the Master Settlement Agreement, I find such an argument unpersuasive.

I further find the Plaintiff has not demonstrated irreparable harm. The current dispute finds the parties at Step 2 of the grievance procedure. There is one more step to the grievance procedure before advancement to the arbitration process. As the grievance and arbitration process is not yet completed, I cannot find the Plaintiff has yet exhausted its contractual remedies.

With regard to the final two factors, I find they also weigh in favor of denying the TRO. With the language in the Master Settlement Agreement, it is not in the public interest for this Court to intrude on the grievance and arbitration process.

## CONCLUSION

Based on the foregoing, I deny Plaintiff's motion for a TRO. (Doc. No. 2). A telephonic status is scheduled for August 31, 2017 at 1:30pm. My chambers will initiate the phone call.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge